**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4057**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ADRIAN PARKER, a/k/a Great One, a/k/a Rock,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:10-cr-00087-FDW-4)

Submitted:  September 10, 2013    Decided:  September 13, 2013

Before DUNCAN, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Haakon Thorsen, THORSEN LAW OFFICES, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Parker pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). Prior to the sentencing, Parker sought to withdraw his guilty plea based on a change in the law announced by this court in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which reduced the statutory mandatory minimum applicable to Parker's conviction. The district court denied Parker's motion. The court sentenced Parker to 210 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Parker argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.[*] We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating "'a fair and just reason'" for withdrawal of his plea. United States v. Faris, 388 F.3d 452, 456 (4th Cir. 2004) (citing Fed. R. Crim. P. 11(d)(2)(B)). In deciding whether to

---

[*] Parker also argues that the waiver of appellate rights contained in the plea agreement should not foreclose his appeal. The Government, however, has not sought enforcement of the appellate waiver so we decline to consider whether Parker's appeal would be foreclosed by the waiver.

permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Faris, 388 F.3d at 456 (citations omitted).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion. The court properly considered the above-listed factors and did not err in denying Parker's motion to withdraw his guilty plea.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED